UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR MAYA,<br><br>                              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | Case No.: 23CV2108-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 3]** |

The instant matter was initiated on November 16, 2023 when Plaintiff filed a complaint to seek review of the Commissioner's decision to deny Plaintiff's "application for a period of disability and disability insurance benefits." ECF No. 1 at 2.  That same day, Plaintiff filed a Request to Proceed *In Forma Pauperis*. ECF No. at 3.

Having reviewed the complaint and motion, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* ("IFP").

**Application to Proceed in District Court without Prepaying Fees or Costs**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

>[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied his burden of demonstrating that he is entitled to IFP status. According to his affidavit in support of application, Plaintiff has no monthly income. ECF No. 2 at 1-2. Plaintiff's spouse makes $2728.30 per month from her work with IHSS and Door Dash and child support. Id. Plaintiff and his spouse have $529.95 in cash. Id. at 2. They do not

have a checking or savings account at any financial institution.  Id.  Neither Plaintiff nor his wife own a home, but they do co-own three plots of land in Mexico with their son that are worth approximately $30,000 and a Honda Pilot worth $5,000.  Id. at 3.  Plaintiff's spouse spends $733.00 per month on rent, $60.00 per month on utilities, $300.00 per month on food, $100.00 per month on clothing, $400.00 per month on transportation, $13.00 per month on renter's insurance, $50.00 per month on life insurance, $130.00 per month on car insurance, and $400.00 per month on a Costco Credit Card bill for a total of $2186.00 in monthly expenses.  Id. at 4.  Plaintiff does not have any dependents who rely on him for support, and no one owes him any money.  Id. at 3.  Plaintiff does not anticipate any changes to his income or expenses in the next twelve months.  Id. at 5.

Plaintiff has not satisfied his burden of demonstrating that he is entitled to IFP status. Plaintiff's spouse has an annual household gross income of $32,739.60 which is much higher than the 2023 federal poverty guideline for a household of two persons, which is $19,720. See 2023 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited November 20, 2023). Also, Plaintiff's spouse's monthly expenses are $542.30 less than her monthly income. Id. at 1-3. Finally, Plaintiff co-owns a plot of land worth $30,000 and a car worth $5,000 and does not state that he is unable to access those assets.[1]  Accordingly, the Court finds that Plaintiff has not alleged poverty "with some particularity, definiteness, and certainty" and **DENIES** Plaintiff's motion without prejudice.  Plaintiff may file a renewed IFP motion explaining his inability to access his spouse's income.  See McQuade, 647 F.2d at 940; see also Lovci v. Kijakazi, 2023 WL 5020612, at *2 (S.D. Cal., July 17, 2023) (denying without prejudice plaintiff's motion to proceed IFP where plaintiff had gross monthly income of $0 and her spouse had a

---

[1] In Escobedo, the Ninth Circuit noted that "[i]t is true, of course, that spouses often share their respective incomes. In such a case it might be appropriate to consider a spouse's income as part of the analysis leading to the ruling on the IFP application. In many cases, however, the marital arrangement may, for good reason, not include sharing income, or a spouse will have his or her own expenses (child support, say, for children of a prior marriage) with little or nothing left over to share. For any number of reasons, one spouse's funds may simply not be available to the other spouse." Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

gross monthly income of $2947.20, plaintiff and her spouse owned a home valued at $560,000 and three cars, and plaintiff did not state that she did not have access to those assets); and Anita P. v. Saul, 2021 WL 673531, at *2 (S.D. Cal., Feb. 22, 2021)  (denying plaintiff's motion to proceed IFP without prejudice and stating that "[a]lthough Plaintiff has no income or savings of her own to pay the filing fee, she has attested to her spouse's income and assets, and the Court may consider her spouse's financial resources in determining whether she is entitled to IFP status. In doing so, the Court must make a reasonable inquiry into: (1) whether her spouse's resources are 'actually available' to her; and (2) whether her spouse 'in fact has sufficient funds, given his or her own expenses, to assist in paying the fee.'") (quoting Escobedo, 787 F.3d at 1227, 1236)).

## **CONCLUSION**

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED** without prejudice.  No later than **December 11, 2023**, Plaintiff shall either pay the $402 filing fee required to commence this civil action or file a renewed IFP motion that sufficiently demonstrates that he is entitled to IFP status. If Plaintiff fails to pay the filing fee or file a renewed IFP motion by this deadline, the Court will *sua sponte* dismiss this action without prejudice.

**IT IS SO ORDERED**.

Dated:  11/22/2023

Hon. Barbara L. Major
United States Magistrate Judge