UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO CESAR M.,<br><br>                                    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>                                    Defendant. | Case No.:  23CV2108-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>**[ECF No. 24]** |

Currently before the Court are Plaintiff's Counsel's March 25, 2026 Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 24 ("Motion")] and Defendant's April 3, 2026, response [ECF No. 26 ("Response")]. For the reasons set forth below, Plaintiff's Counsel's motion is **GRANTED**.

## BACKGROUND

On November 16, 2023, Plaintiff filed a complaint in this matter seeking judicial review of the denial of his application for a period of disability and disability insurance benefits.  ECF No. 1, at 2.  On May 2, 2024, the parties filed a Joint Motion for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  ECF No. 19.  On the same day, the Court granted the parties' Joint Motion for Voluntary Remand.  ECF No. 20.

1

On June 6, 2024, the parties filed a Joint Motion for the Award of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920.  ECF No. 22. On June 7, 2024, the Court awarded Plaintiff attorney's fees in the total amount of $7,400.00 as authorized by 28 U.S.C. § 2412 and costs in the amount of $402.00 as authorized by 28 U.S.C. § 1920. ECF No. 23.

On remand, Plaintiff prevailed and the Commissioner awarded Plaintiff $158,089.00 in past due benefits. Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b); Memorandum of Points and Authorities in Support; and Declaration of Denise Bourgeois Haley ("Motion"), ECF 24, at 5.

On March 25, 2026, Plaintiff's counsel filed the instant Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), requesting the Court to award attorney's fees in the amount of $39,000.00. Motion. Id. On April 3, 2026, Defendant filed a Response to Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Response"), "neither support[ing] nor oppos[ing] Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." ECF No. 26. Plaintiff's counsel did not file a reply. See Docket.

## PLAINTIFF'S POSITION

Plaintiff's counsel seeks an order from the Court awarding attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $39,000.00 with a credit to Plaintiff for the EAJA fees previously paid in the amount of $7,400.00. Motion at 5.  Plaintiff's counsel argues that the $39,000.00 request is reasonable in light of the contract, the services rendered, and the results achieved. Id. at 6–12. Plaintiff's attorneys and paralegals spent 31.9 hours working on the case before the Court.[1] Id. at 5.  Plaintiff's counsel notes that the fee sought represents 25% of the awarded past due benefits, within the statutory cap of 25%.  See id. at 6. Additionally, Plaintiff's counsel states that the effective hourly rate of $1,376.70 "does not amount to a windfall." Id. at 7.

---

[1] Plaintiff's counsel worked 27.5 hours on this matter and the paralegal worked 4.4 hours. See 24-4.

## DEFENDANT'S POSITION

Defendant states in his response that he "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)." Response at 2–3. Defendant notes that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." Id. at 2. Defendant states that in reaching its finding, the Court should consider the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. Id. Defendant further notes that "[w]hen an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant." Id. at 3. Additionally, Defendant points out that "Counsel stated that she worked 27.5 attorney hours before this Court and [a]warding the full amount requested by Counsel would result in reimbursement at a rate of $1,418.18 per billed hour ($39,000 (amount requested) / 27.5 (court hours) = $1,418.18)." Id. at 2.

## LEGAL STANDARD

Pursuant to Section 406(b), "[w]henever a court renders a judgment favorable to a [social security] claimant, ... the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). When contemplating a fee motion under Section 406(b), the Court must first look to the contingency fee agreement and then test for reasonableness. See Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). To determine reasonableness, the Court may consider "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." Barry H. v. Kijakazi, 2023 WL 5985501, at *1 (S.D. Cal., Sept. 13, 2023) (quoting Avina v. Saul, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021)). The Court should also consider whether inferior

representation justifies an award of less than 25% such as "any delay in the proceedings attributable to the attorney requesting the fee; whether the benefits of the representation are out of proportion to time spent on the case; and the risk counsel assumed by accepting the case." Bartle v. Kijakazi, 2023 WL 5811845, at *1–2 (S.D. Cal., Sept. 7, 2023) (citing Crawford, 586 F.3d at 1151–52) (citing Gisbrecht, 535 U.S. at 789)).

When an attorney receives EAJA fees and § 406(b) fees for the same work, he or she must refund the smaller award to his or her client. See Gisbrecht, 535 U.S. at 789.

## ANALYSIS

The Court finds that Plaintiff's counsel's fee request is reasonable. On November 6, 2023, Plaintiff entered into a fee agreement with counsel wherein he agreed that "[t]he fee for successful prosecution of this matter is 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court."  Social Security Representation Agreement, ECF No. 24-1, at 1. Accordingly, the contingency fee agreement is within the statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Because there is no evidence of "fraud or overreaching" in the negotiation of the fee agreement and because the fee agreement is within the statutory ceiling, the Court looks to the character of the representation and the results achieved to determine reasonableness. Crawford, 586 F.3d at 1145; see also Gisbrecht, 535 U.S. at 808.

Plaintiff's counsel did not render substandard representation or delay litigation. See Crawford, 586 F.3d at 1151–52.  Plaintiff's counsel filed an Opening Brief on March 21, 2024. ECF No. 15.  Afterwards, Plaintiff's counsel met and conferred with Defendant's counsel and secured a Joint Motion for Voluntary Remand on May 2, 2024 [ECF No. 19], which the Court granted on the same day. See ECF No. 20. On remand, Plaintiff's counsel achieved a fully favorable decision for Plaintiff, who was granted $158,089.00 in past due benefits. Motion at 5; Notice of Appeals Council Decision Fully Favorable, ECF No. 24-2; Notice of Award, ECF No. 24-3, at 4. This is a highly successful result for Plaintiff that would not have been achieved with a substandard performance by his counsel.

Upon review of the documents submitted, the Court finds that counsel's fee request is

4

reasonable. The Court notes that Plaintiff's counsel and paralegals expended 31.9 hours on this matter.  ECF No. 24-4.  Plaintiff's counsel and paralegals' effective hourly rate of $1,376.70[2] is high, but still within the range of hourly rates approved in similar cases, including cases in this district.  See Crawford, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); Jenks v. Bisignano, 2025 WL 2431796, at *2 (S.D. Cal. Aug. 22, 2025) (approving *de facto* hourly rate of $1,224.37 and noting that although this "rate is on the higher end, it is within the range of hourly rates approved by other courts in the Ninth Circuit"); Villalpando v. Kijakazi, 2025 WL 1677776, at *1 (S.D. Cal. June 12, 2025) (approving *de facto* rate of $2,535.21 because even though it is "high" it is "not grossly outside the norm of what courts often approve"). Moreover, the effective hourly rate in this case is high due to the large past due benefits award achieved by counsel on Plaintiff's behalf and is not grossly outside the norm of what courts often approve. See Villalpando, 2025 WL 1677776, at *1.

Plaintiff's counsel and paralegals spent a reasonable amount of time (31.9 hours) working on this matter to achieve a successful result. Declaration of Denise Bourgeois Haley ("Haley Decl"), ECF No. 24, at 16-18. Plaintiff's counsel has submitted detailed billing statements in support of the requested fee that the Court has reviewed. See ECF No. 24-4. There is nothing in the billing statements showing "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." See Crawford, 586 F.3d at 1151–52. There also is no evidence or indication that Plaintiff's counsel's work was inferior, that she engaged in dilatory conduct, or that she delayed the proceedings to potentially incur more fees. Accordingly, all of the factors the Court considers support the reasonableness of the requested fee.

In further support of its finding, the Court notes that taking Plaintiff's case on a

---

[2] Defendant's calculated effective hourly rate ($1,418.18) did not take into account paralegal services. See Response at 2. Considering both attorney and paralegal hours, the Court's own calculation yields an effective hourly rate of $1,222.57 ($39,000 (amount requested) / 31.9 (court hours) = $1,222.57). See Crawford, 586 F.3d at 1153 (Clifton, J., concurring) (calculating effective hourly rate "for the time of both attorneys and paralegals"). The specific number does not affect the Court's analysis or conclusion, so the Court uses Plaintiff's counsel's number in this order.

23CV2108-BLM

contingency basis created a substantial risk for Plaintiff's counsel of not recovering any attorney's fees. Plaintiff already had a negative decision from the ALJ when he sought review in this Court. The hourly rate is within the range that has been approved in similar cases. The amount of the fees requested is within the 25 percent statutory cap. Furthermore, counsel achieved excellent results for her client, and Defendant does not object to the request.

## CONCLUSION

Plaintiff's counsel bore the risk of a contingency fee arrangement, successfully negotiated a voluntary remand, received an order for retroactive benefits of $158,089.00 for her client, and seeks 25% of the past due benefits pursuant to the contingency fee arrangement.  Accordingly, the Court finds that the requested fee is reasonable and **GRANTS** Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  The Court awards to Law Offices of Lawrence D. Rohlfing, Inc., CPC fees in the amount of $39,000.00. The Court orders Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Julio Cesar Maya the amount of $7,400.00 for EAJA fees previously received.

**IT IS SO ORDERED**.

Dated:  4/14/2026

Hon. Barbara L. Major
United States Magistrate Judge

23CV2108-BLM